Chadbourne *v.* Mason.

———————◆———————

BENJAMIN F. CHADBOURNE *& als. versus* AYERS MASON *& al.*

In deeds and levies, courses and distances can be controlled only by monuments. Parol evidence is inadmissible to show an error in the course of a line in the return of a levy.

When all the calls in a levy are answered, and yet the land levied upon cannot be distinctly known and identified, the levy is void.

ON REPORT from *Nisi Prius,* GOODENOW, J., presiding.

WRIT OF ENTRY. The plaintiffs claim under a levy of an execution against one Edwards. The land levied on is thus described in the appraisers' certificate, to wit, " Beginning at the corner of land on the line between Gilman Chapman and the said Edwards, then running south seventeen degrees west on the said line between said Chapman and Edwards, thirty-five rods to stake and stones; thence north seventy-three degrees west, one hundred and fifty-two rods; thence in a northerly direction until it strikes the line of land owned by the heirs of George Chapman; thence on said Chapman's line to a stone culvert in the said railroad; thence," &c.

The surveyor appointed by the Court testified that "he run the line marked on the plan 'S. 17° E. 35 rods,' to the point marked B, where was a monument as agreed by the parties, from which he run the two lines, one north seventy-three degrees west, the other south seventy-three degrees west, as shown by the plan; thence, from the point marked C, the line extending northwardly, as appears by the plan."

*D. Hammons,* for plaintiffs.

*A. Black,* for defendants.

Chadbourne *v.* Mason.

The following is intended as a copy of the plan, sufficiently accurate to understand more readily the questions considered by the Court.

The opinion of the Court was drawn up by

CUTTING, J.—The view taken by us may render the question as to the legality of the amendment immaterial; its materiality being wholly dependent upon our construction as to the true boundaries of the levy, which, if favorable to the defendant's proposition, not only avoids the necessity of the amendment, but demonstrates the correctness of the original count.

We perceive no such latent ambiguity in the officer's return descriptive of the levy, as to admit parol evidence to show his or the appraisers' intention, especially when such testimony is offered for the purpose of altering the course of one of the principal lines to the extent of thirty-four degrees, and thereby of enlarging threefold the disputed territory. Even equity forbids such permission, as against the rights of a third party intervening. *Lumbert* v. *Hill,* 41 Maine, 475. And the law is none the less severe in the construction of deeds; *Linscott* v. *Fernald,* 5 Maine, 496, in which case, in the deed then under consideration, north was inserted instead of south, and proof of the intention of the surveyor and scrivener was ruled to be inadmissible to show a mistake, when the course would equally well agree with all the other courses and monuments in the deed.

Courses and distances, whether in a deed or levy, can be controlled only by monuments. The existence of the latter may be shown by parol evidence, while the former cannot. Such we apprehend to be the general rule, by the aid of which we will proceed to the consideration of the boundaries disclosed in the levy, as contended for by the respective parties.

The beginning of the description neither party controverts. The line described as running "thence south seventeen degrees west, on said line between said Chapman and Edwards, thirty-five rods to stake and stones," it is urged, should have been seventeen degrees east, as run by the surveyor appointed by the Court. Here the two courses, the one in the levy and the other in the survey, vary thirty-four degrees, and the error is in the direction of the line of the former. But the

monument controls, and not the line, with which construction both parties are apparently satisfied, for the controversy originates on the departure from that monument.

The second line runs from the before described monument, as shown by the return, "north, seventy-three degrees west, one hundred and fifty-two rods," and there terminates at no designated monument; consequently, there is nothing to control the course. There being then no controlling monument at the termination of the second as there was at the first, parol evidence is not admissible to vary the course, and thus reform the levy. Had the law been otherwise, there would have been no necessity of invoking equity, as was the case in *Lumbert* v. *Hill.*

But, it is contended that, because there was a mistake in the running of the first line, of thirty-four degrees, it is to be inferred that the same mistake was continued, and, consequently, the second line should have been south, instead of north, thus varying from the line of the levy just the same number of degrees. The refutation of such proposition is that the course of the first line was controlled by a monument and not by parol evidence. We find here, then, two lines, one, the line of the levy, running *north,* and the other, the line of the survey, *south,* and both seventy-three degrees *west,* one hundred and fifty-two rods, and terminating at no monument.

The third line, indicated in the levy, runs from the end of the second line, "in a northerly direction, until it strikes the line of land owned by the heirs of George Chapman, which line the surveyor says, when run from the termination of his south line, or the line contended for by the plaintiffs, is "north, twenty degrees west, thirty-eight rods, to the end of line of land owned by George Chapman's heirs." Had the return of the officer been as specific as the survey, in giving the course and distance, we might possibly have dispensed with a monument at the end of the second line, because its termination might readily have been discovered, by retracing the course and distance from the line of Chapman's land, which is a monument. But, in the return, we have no such *data.*

The fourth line in the levy is described as follows:— "Thence, on said Chapman's line, to a stone culvert in the railroad." And, in the survey, "thence, on said line, north, eighteen degrees west, to railroad culvert." The remaining boundaries become immaterial, since their correctness is admitted by both parties.

We will now advert to the return, or levy, and consider whether all its calls have been answered by courses and monuments so as to transfer title to any portion of the lot to the plaintiffs.

According to the survey and plan before us, the second line terminated at the railroad, "thence in a northerly direction until it strikes the line of land owned by the heirs of George Chapman." And it appears, on inspection, that a line running in that direction would strike the line of such heirs, and thereby answer the call, but in what place it would so strike is entirely uncertain, since no degrees qualifying the "northerly direction" are named. The other calls appear also to have been answered. Such, then, being the case, it presents an additional reason why parol testimony was inadmissible to change the course of the second line as contended for by the plaintiffs.

But the statute requires that the return "shall describe the estate by metes and bounds, or in such other manner that it may be distinctly known and identified." And we have seen that all the calls in the levy have been answered, yet the land levied upon cannot be distinctly known and identified, and thus presenting such a *patent* ambiguity as to render void the whole proceedings. Consequently, the plaintiffs must fail on their first count.

In relation to the second count, embracing the land described in the second levy, there appears to be no controversy. On that count, judgment is to be rendered for the plaintiffs, and damages, if any, are hereafter to be assessed as agreed by the parties.

TENNEY, C. J., APPLETON, GOODENOW and DAVIS, JJ., concurred.